Vilia B. Hayes
Erik Bond
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York  10004
(212) 837-6000
hayes@hugheshubbard.com
bond@hugheshubbard.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIBERTY MUTUAL INSURANCE COMPANY,

                Plaintiff,

    vs.

FAIRWAY GROUP HOLDINGS CORPORATION,
and FW OPERATING CORP. f/k/a
FAIRWAY OPERATING CORPORATION,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.:  07 CV 11415 (LTS)

**ANSWER AND
COUNTERCLAIMS**

Defendants Fairway Group Holdings Corporation ("Fairway Group Holdings") and FW

Operating Corp., formerly known as Fairway Operating Corporation ("Fairway Operating")

(collectively, "Defendants" or "Fairway"), by its undersigned attorneys Hughes Hubbard & Reed

LLP hereby answer the complaint of Plaintiff Liberty Mutual Insurance Company ("Plaintiff" or

"Liberty Mutual") and plead counterclaims as follows:

    1.      States that paragraph 1 of the Complaint states conclusions of law to which no

response is required.  To the extent a response is required, Defendants deny the allegations

contained in paragraph 1 of the Complaint.

    2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 2 of the Complaint.

    3.      Admits the allegations of paragraph 3 of the Complaint.

4.    Admits the allegations of paragraph 4 of the Complaint.

5.    States that paragraph 5 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.    States that paragraph 6 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.    States that paragraph 7 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint, except admit that Defendants reside and generally do business in the Southern District of New York.

8.    Admits the allegations of paragraph 8 of the Complaint.

9.    States that paragraph 9 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 9 of the Complaint, and respectfully refer the Court to the complaint in the *Kaufman* Action for the content thereof.

10.    Denies each and every allegation of paragraph 10 of the Complaint, except admits that paragraph 10 of the Complaint accurately quotes paragraphs 22, 23, and 24 of the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

11.    Denies each and every allegation of paragraph 11 of the Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

12.     Denies each and every allegation of paragraph 12 of the Complaint, except admits that paragraph 12 of the Complaint accurately quotes paragraph 38 of the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

13.     Denies each and every allegation of paragraph 13 of the Complaint, except admits that paragraph 13 of the Complaint accurately quotes paragraph 36 of the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

14.     Denies each and every allegation of paragraph 14 of the Complaint, except admits that paragraph 14 of the Complaint accurately quotes the prayer for relief contained in the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

15.     States that paragraph 15 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 15 of the Complaint, and respectfully refer the Court to the complaint in the *Kaufman* Action for the content thereof.

16.     States that paragraph 16 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 16 of the Complaint, and respectfully refer the Court to the relevant statute for the provisions thereof.

17.     States that paragraph 17 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 17 of the Complaint, and respectfully refer the Court to the relevant statute for the provisions thereof.

18.     States that paragraph 18 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 18 of the Complaint, and respectfully refer the Court to the relevant statute for the provisions thereof.

19.     Denies each and every allegation set forth in paragraph 19 of the Complaint, except admits that Plaintiff issued insurance policies to Fairway Group Holdings, and respectfully refers the Court to the Policies for the content thereof.

20.     Denies each and every allegation set forth in paragraph 20 of the Complaint, except admits that Plaintiff issued insurance policies to Fairway Operating, and respectfully refers the Court to the Policies for the content thereof.

21.     States that paragraph 21 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer the Court to the Policies for the content thereof.

22.     Denies each and every allegation set forth in paragraph 22 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

23.     Denies each and every allegation set forth in paragraph 23 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

24.     Denies each and every allegation set forth in paragraph 24 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

25.     Denies each and every allegation set forth in paragraph 25 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

26.     Denies each and every allegation set forth in paragraph 26 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

27.     Denies each and every allegation set forth in paragraph 27 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

28.     Denies each and every allegation set forth in paragraph 28 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

29.     Denies each and every allegation set forth in paragraph 29 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

30.     Denies each and every allegation set forth in paragraph 30 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

31.     States that paragraph 31 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 31 of the Complaint, and respectfully refer the Court to the Policies for the content thereof.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

33.     Denies each and every allegation set forth in paragraph 33 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

34.     Denies each and every allegation set forth in paragraph 34 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

35.     Denies each and every allegation set forth in paragraph 35 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

36.    Denies each and every allegation set forth in paragraph 36 of the Complaint, and respectfully refers the Court to the Policies for the content thereof.

37.    Admits the allegations set forth in paragraph 37 of the Complaint.

38.    Denies each and every allegation of paragraph 38 of the Complaint, except admits that Plaintiff sent Fairway Group Holdings a letter on or about October 31, 2007, and refers to that letter for statements made therein.

39.    Denies each and every allegation of paragraph 39 of the Complaint, except admits that Plaintiff sent Fairway Operating a letter on or about October 31, 2007, and refers to that letter for statements made therein.

40.    Admits the allegations set forth in paragraph 40 of the Complaint.

41.    With respect to the allegations contained in paragraph 41 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 40 hereof with the same force and effect as though here set forth in full.

42.    Denies each and every allegation of paragraph 42 of the Complaint, except admits, upon information and belief, that Plaintiff contends that the *Kaufman* Lawsuit does not fall within the terms of Coverage B of the Policies for "personal and advertising injury" and that Plaintiff contends that it has no duty to defend or indemnify.

43.    Denies each and every allegation of paragraph 43 of the Complaint, except admits that the Policies provide coverage for the *Kaufman* Lawsuit under Coverage B of the Policies for "personal and advertising injury."

44.    With respect to the allegations contained in paragraph 44 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement

60215089_2

contained in paragraphs 1 through 43 hereof with the same force and effect as though here set forth in full.

45.    Denies each and every allegation of paragraph 45 of the Complaint, except, upon information and belief, admits that Plaintiff contends that the *Kaufman* Lawsuit does not fall within the terms of Coverage A of the Policies for "bodily injury" or "property damage."

46.    Denies each and every allegation of paragraph 46 of the Complaint, and avers that Defendants do not seek coverage for the *Kaufman* Lawsuit under Coverage A of the Policies for "bodily injury" or "property damage."

47.    With respect to the allegations contained in paragraph 47 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 46 hereof with the same force and effect as though here set forth in full.

48.    Denies each and every allegation of paragraph 48 of the Complaint, except, upon information and belief, admits that Plaintiff contends that the *Kaufman* Lawsuit is excluded from coverage by various exclusions in the Policies.

49.    Denies each and every allegation of paragraph 49 of the Complaint, except admits that Defendants contend that the Policies provide coverage for the *Kaufman* Lawsuit.

50.    With respect to the allegations contained in paragraph 50 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 49 hereof with the same force and effect as though here set forth in full.

51.    Denies each and every allegation of paragraph 51 of the Complaint, except, upon information and belief, admits that Plaintiff contends that the *Kaufman* Lawsuit is excluded from coverage by various exclusions in certain of the Policies.

52.    Denies each and every allegation of paragraph 52 of the Complaint, except admits that Defendants contend that the Policies provide coverage for the *Kaufman* Lawsuit.

53.    With respect to the allegations contained in paragraph 53 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 52 hereof with the same force and effect as though here set forth in full.

54.    Denies each and every allegation of paragraph 54 of the Complaint, except, upon information and belief, admits that Plaintiff contends that certain "relief sought in *Kaufman* Lawsuit" is not covered under the Policies and/or not insurable by public policy.

55.    Denies each and every allegation of paragraph 55 of the Complaint, except, upon information and belief, admits that Plaintiff contends that "certain relief sought in the *Kaufman* Lawsuit do not constitute 'damages' under the Policies."

56.    Denies each and every allegation of paragraph 56 of the Complaint, except admits that Defendants contend the Policies provide coverage for the *Kaufman* Lawsuit.

57.    With respect to the allegations contained in paragraph 57 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 56 hereof with the same force and effect as though here set forth in full.

58.     Denies each and every allegation of paragraph 58 of the Complaint, except, upon information and belief, admits that Plaintiff contends that it "does not have a duty to indemnify Defendants for any offenses committed outside of the policy period of the Policies."

59.     Denies each and every allegation of paragraph 59 of the Complaint, except admits that Defendants contend that the Policies provide coverage for the *Kaufman* Lawsuit.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 59 hereof with the same force and effect as though here set forth in full.

61.     Denies each and every allegation of paragraph 61 of the Complaint, except, upon information and belief, admits that Plaintiff contends that it "does not have a duty to indemnify Defendants for personal and advertising injury arising out of oral or written publication of material whose first publication took place before the beginning of the policy period of the Policies."

62.     Denies each and every allegation of paragraph 62 of the Complaint, except admits that Defendants contend that the Policies provide coverage for the *Kaufman* Lawsuit.

63.     With respect to the allegations contained in paragraph 63 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 62 hereof with the same force and effect as though here set forth in full.

64.     Denies each and every allegation of paragraph 64 of the Complaint, except, upon information and belief, admits that Plaintiff contends, "to the extent it has a duty to defend for the *Kaufman* Lawsuit, it is obligated to pay only reasonable and necessary defense costs."

60215089_2

65.    Denies each and every allegation of paragraph 65 of the Complaint, except admits Defendants disagree with Plaintiff regarding defense costs.

66.    With respect to the allegations contained in paragraph 66 of the Complaint, Defendants repeat and reallege each and every admission, denial, averment and statement contained in paragraphs 1 through 65 hereof with the same force and effect as though here set forth in full.

67.    States that paragraph 67 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 67 of the Complaint, and respectfully refer the Court to the Policies for the content thereof.

68.    States that paragraph 68 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.    States that paragraph 69 of the Complaint states conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

AS AND FOR A FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

AS AND FOR A SECOND DEFENSE

Plaintiff fails to show an actual controversy or that this action would serve a "useful purpose."

AS AND FOR A THIRD DEFENSE

Plaintiff's Complaint makes no claim for relief as against Fairway.

60215089_2

### AS AND FOR A FOURTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS AND FOR A FIFTH DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel and/or waiver.

### AS AND FOR A SIXTH DEFENSE

Plaintiff's claims may be barred in whole or in part by application of the collateral estoppel doctrine.

### AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A NINTH DEFENSE

Plaintiff's claims are barred because the Plaintiff has breached the express and implied terms of the Policies.

### AS AND FOR A TENTH DEFENSE

Plaintiff's claims for a declaratory judgment regarding its duty of indemnification are premature because the underlying action is still pending.

### AS AND FOR A ELEVENTH DEFENSE

Because Plaintiff has offered a defense under reservation of rights, Plaintiff has lost the right to select counsel for Fairway in the underlying lawsuit.

## AS AND FOR A TWELFTH DEFENSE

Fairway asserts all other possible defenses available to it and states that it is not limited to the defenses herein asserted.

## **COUNTERCLAIMS**

Fairway Group Holdings Corporation ("Fairway Group Holdings") and FW Operating Corp., formerly known as Fairway Operating Corporation ("Fairway Operating") (collectively, "Fairway"), by its undersigned attorneys, respectfully submit the following counterclaims against Liberty Mutual Insurance Company ("Liberty Mutual"):

70.     Fairway repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 69 hereof with the same force and effect as though here set forth in full.

## THE PARTIES

71.     Fairway Operating is a New York domestic corporation with its principal place of business in New York City.

72.     Fairway Group Holdings is a Delaware corporation with its principal place of business in New York City.

73.     Liberty Mutual is organized under laws of Massachusetts with its principal place of business in Boston, Massachusetts.  Liberty Mutual issued contracts of insurance that are at issue in this action.

## JURISDICTION AND VENUE

74.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties, and Fairway seeks damages in excess of $75,000.

60215089_2

## THE INSURANCE POLICIES

75.    Liberty Mutual issued primary CGL insurance policies to Fairway Operating, including the following primary CGL policies:

      (a)     TB1-121-089750-054;

      (b)     TB1-121-089750-055; and

      (c)     TB1-121-089750-056.

76.    Liberty Mutual issued primary CGL insurance policies to Fairway Holding, including the following primary CGL policies:

      (a)     TB1-121-093027-057; and,

      (b)     TB1-121-093027-107.

77.    Fairway Holding and Fairway Operating, *inter alia,* are both insured under the policies alleged in paragraphs 75 – 76 above (collectively, the "Policies").

78.    Fairway has timely paid all required premiums and has otherwise satisfied all pertinent terms and condition of the Policies that have not been waived or made the subject of an estoppel by reason of Liberty Mutual's failure to perform.  All the Policies have been in full force and effect for all pertinent times and remain in full force and effect.

## THE UNDERLYING LAWSUIT

79.    Fairway operates a well-known chain of grocery stores in the New York City area.  In the course of its business, Fairway accepts credit cards and debit cards for payment by its customers, and in those transactions, Fairway prints receipts and provides them to customers.

80.    On or about August 24, 2007, Fairway and other parties were served with a complaint naming them as defendants in a putative class action purporting to allege violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the Fair and Accurate

60215089_2

Credit Transactions Act ("FACTA"), 15 U.S.C. §1681(c) (the *Kaufman* Action"). The *Kaufman* Action is venued in the Southern District of New York, has a docket number of 07-CIV-7525, and remains pending.

81.    FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."

82.    The complaint in the *Kaufman* Action (the "*Kaufman* Complaint") alleges that, on various dates from March 4, 2007 through July 13, 2007, Defendants provided Ms. Kaufman or her co-plaintiff Mr. Grubman with receipts, at the point of a sale or transaction, on which the Defendants printed the expiration date of Kaufman's or Grubman's credit cards. (*Kaufman* Compl. ¶¶ 29-30.)

83.    FACTA provides rolling dates for compliance. With respect to machines that print receipts that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2004. With respect to machines that print receipts that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

84.    The underlying plaintiffs in the *Kaufman* Action seek to represent two putative classes of persons:

> **CLASS A**: All persons in the United States to whom, on or after January 1, 2005, the Defendants provided, through use of a machine that was first put into use by the Defendants on or after January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which the Defendants printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

> **CLASS B**: All persons in the United States to whom, on or after December 4, 2006, the Defendants provided, through use of a machine that was being used by

the Defendants before January 1, 2005, an electronically printed receipt at the point of a sale or transaction on which the Defendants printed more than the last five digits of the person's credit card or debit card number or printed the expiration date of the person's credit or debit card.

(*Kaufman* Compl. ¶ 38.)

85.    The *Kaufman* Complaint alleges that "Fairway recklessly disregarded that its use of cash registers that did not comply with the law . . . was in contravention of Plaintiffs' and the Class Members' rights. Therefore, Fairway's violation of FCRA . . . was 'willful' for purposes of FCRA." (*Kaufman* Compl. ¶ 53.) The United States Supreme Court has held that "willfulness" in the context of FCRA includes mere recklessness. *Safeco Ins. Co. of America v. Burr*,__ U.S. ___, 127 S. Ct. 2201, 2208 (2007).

86.    The damages arising from FCRA and FACTA liability differ depending on whether the action was "negligent" or "willful." 15 U.S.C. §1681n & §1681o.

87.    "Willful" actions are governed by Section 1681n, which provides:

Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

[….]

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

88.    In contrast, "negligent" violations of FACTA are covered under Section 1681o:

Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## THE COVERAGE CONTROVERSY

89.     On or about August 31, 2007, Fairway timely tendered the *Kaufman* Action to Liberty Mutual.

90.     On or about October 5, 2007, Liberty Mutual notified Fairway by mail that Plaintiff would be providing a defense in *Kaufman* Action, under reservation of rights, pursuant to its obligations under the Policies.  But Liberty Mutual's acceptance of its duty to defend was short lived.

91.     On or about October 31, 2007, Liberty Mutual wrote to Fairway Operating that it had "undertaken a rate analysis for the defense of the type of work, state and venue of this case and is prepared to agree to the following rate structure for defense costs in your litigation: Senior Partner $200-235; Junior Partner:  $200-225; Senior Associate:  $165-195; Junior Associate:  $150-175 and Paralegal:  $85-105."  In addition, Liberty Mutual's October 31, 2007 letter contained an e-mail attachment, applying litigation guidelines for defense counsel, including the requirement that counsel for Fairway seek pre-approval for many routine tasks in complex litigation, such as most motion practice and legal research.

92.     On or about October 31, 2007, Liberty Mutual wrote to Fairway Group Holdings that it had "undertaken a rate analysis for the defense of the type of work, state and venue of this case and is prepared to agree to the following rate structure for defense costs in your litigation: Senior Partner $200-235; Junior Partner:  $200-225; Senior Associate:  $165-195; Junior Associate:  $150-175 and Paralegal:  $85-105."  In addition, Liberty Mutual's October 31, 2007

letter contained an e-mail attachment, applying litigation guidelines for defense counsel, including the requirement that counsel for Fairway seek pre-approval for many routine tasks in complex litigation, such as most motion practice and legal research.

93.    Fairway was astonished at the billing rates and guidelines that Liberty Mutual insisted on for defense of the *Kaufman* Action.  The *Kaufman* action is a "bet the company" case for Fairway.  Given that an adverse judgment could put Fairway out of business, it would be an unreasonable decision for Fairway not to hire experienced, reputable, New York counsel specializing in FACTA litigation.

94.    Liberty Mutual's limitations—if followed—would preclude Fairway from retaining competent counsel, or conducting an appropriate defense of the *Kaufman* Action. Effective defense of the *Kaufman* Action will involve litigating cutting-edge issues of constitutional and statutory issues, in addition to managing the work load of "big-case" litigation. No New York City law firm experienced in representing corporate litigants named in billion dollar class action suits could be retained under Liberty Mutual's proposed rates and restrictions. Liberty Mutual foreclosed Fairway of the defense it had bargained for under the Policies.

95.    On or about November 7, 2007, Fairway wrote to Liberty Mutual objecting to the unreasonable restraints on Fairway's defense strategy and asserting Fairway's right under the Policies to a proper defense of the *Kaufman* Action.  In response, Liberty Mutual remained firm on its proposed rates and guidelines.

96.    In an email on December 10, 2007, the reasoning behind Liberty Mutual's position came to light.  There, Bernard Goldman of Liberty Mutual wrote Fairway that his "reaction was that these cases are simply no coverage/no defense under CGL. . . .  Granted, there is a reservation of rights here from Liberty and I don't know where that will lead us, but my

personal take thus far is that [the claims handler] has done more than most and is trying very hard to see this situation fairly and from every perspective."

97.     Liberty Mutual's December 10, 2007 email and rate proposals indicate that Liberty Mutual believes that because it has doubts about coverage for the *Kaufman* Action, it only needs to provide Fairway with a defense appropriate to a slip-and-fall case.  Liberty Mutual is incorrect.

98.     Metaphysical doubts about coverage for claims potentially covered by the Policies do not give Liberty Mutual license to pay for a substandard defense.  Pursuant to the each of the Policies, and as provided for by law, Liberty Mutual is obligated to defend the insureds or reimburse the insureds for all defense-related costs, including attorneys' fees and supplemental expenses, incurred by the insureds in the investigation and defense of any third party claims potentially covered by the Policies.  This Liberty Mutual did not do.

## FIRST COUNTERCLAIM
### Liberty Mutual Is Liable Because It Has Breached Its Contractual Duty to Defend

99.     Fairway realleges and incorporates by reference its answers and allegations asserted in Paragraphs 1 through 98 of this Answer and Counterclaims.

100.    Liberty Mutual has without cause failed to fulfill its obligations under the Policies and has thereby breached its duty to defend Fairway under the Policies.

101.    As a direct result of Liberty Mutual's breach of its duty to defend, Fairway has been deprived of the benefit of insurance coverage for which substantial premiums were paid and has incurred substantial costs in challenging Liberty Mutual's breach of contract.

102.    As a direct result of Liberty Mutual's breach, Fairway has suffered damages to the extent of, but not limited to, unreimbursed defense costs, lost productivity at Fairway due to the

time expended in seeking redress to Liberty Mutual's breach of duty, and the fees, costs and expenses associated with the instant suit, including but not limited to attorneys' fees.

103.    Fairway is entitled to recover compensatory damages, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys' fees and prejudgment and postjudgment interest.

## SECOND COUNTERCLAIM
### Liberty Mutual Is Liable For Damages Because of Bad Faith and Wrongful Insurance Practices

104.    Fairway realleges and incorporates by reference its answers and allegations asserted in Paragraphs 1 through 103 of this Answer and Counterclaims.

105.    By reason of Liberty Mutual's conduct alleged above, Liberty Mutual has acted in bad faith towards Fairway, and Fairway has been injured thereby.

106.    Fairway is entitled to recover compensatory and punitive damages, together with costs and disbursements in this action, including, but not limited to, reasonable attorneys fees and prejudgment and post-judgment interest.

## THIRD COUNTERCLAIM
### Liberty Mutual is Liable Because It Has Violated Statutory Obligations

107.    Fairway realleges and incorporates by reference its answers and allegations asserted in Paragraphs 1 through 106 of this Answer and Counterclaims.

108.    By reason of Liberty Mutual's conduct as alleged above, Liberty Mutual has violated the Regulation of Business Practices for Consumers Protection Act, Massachusetts General Laws 93A *et seq.*, and/or the Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance Act, Massachusetts General Laws 176D *et seq.*, and Fairway has been injured thereby.

60215089_2

109.    Fairway is entitled to recover compensatory, statutory and punitive damages and penalties, together with the costs and disbursements of this action, including, but not limited to, reasonable attorneys fees and prejudgment and post-judgment interest.

### FOURTH COUNTERCLAIM
### Liberty Mutual Is Liable for Attorneys' Fees Incurred by
### Fairway In Defense of this Action

110.    Fairway realleges and incorporates by reference its answers and allegations asserted in Paragraphs 1 through 109 of this Answer and Counterclaims.

111.    On or about December 19, 2007, Liberty Mutual filed the instant action refusing to accept its duties of indemnification and defense under the Policies and violating its contractual duty to defend Fairway.

112.    By filing the action, Liberty Mutual, Fairway's insurer, has forced Fairway, the insureds under the Policies, into a defensive position.  From this defensive posture, in response to this Action, and to avail itself of a proper defense, Fairway asserts these answers and counterclaims.

113.    Fairway is entitled to attorneys' fees in this action based on the Liberty Mutual's breach of its duty to defend, and Liberty Mutual's decision to initiate the present declaratory judgment action.

### PRAYER FOR RELIEF

WHEREFORE, Fairway demands judgment against Liberty Mutual as follows:

a.    Dismissal of the Complaint;

b.    An award of actual damages arising from its breach of its duty to defend and duty to indemnify Fairway under the Policies with respect to the *Kaufman* Action;

    c.    An award of consequential damages (including attorneys' fees relating to prosecution of the instant action) arising from Liberty Mutual's breach of its duty to defend and initiation of the instant declaratory judgment action;

    d.    An award, including punitive damages, pursuant to common law or statute for Liberty Mutual's bad faith de facto denial of its duty to defend and wrongful insurance practices;

    e.    Prejudgment and postjudgment interest at the maximum rate provided by law; and,

    f.    Such other relief as the Court may deem just and proper.

Dated: February 11, 2008

        Respectfully submitted,

        HUGHES HUBBARD & REED LLP

        By: *Vilia B. Hayes*
          Vilia B. Hayes
          hayes@hugheshubbard.com
          Erik Bond
          bond@hugheshubbard.com

        One Battery Park Plaza
        New York, New York 10004
        (212) 837-6000

        Attorneys for Defendants

60215089_2

## CERTIFICATE OF SERVICE

I, Erik Bond, do hereby certify that I am over the age of 18 and not a party to this action and that on the 11th day of February, 2008, I did cause to be served a true and correct copy of Defendants' Answer and Counterclaims via electronic filing on:

**Michael E. Twomey**
Twomey, Hoppe & Gallanty LLP
757 Third Avenue
New York, NY 10017
(212) 688-0400
Fax: (212)-688-1929
Email: twomey@thgllp.com

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York, this 11th day of February, 2008.

/s/ Erik Bond
          Erik Bond
          bond@hugheshubbard.com

One Battery Park Plaza
New York, New York 10004
(212) 837-6000

60215089_2