IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>FAIRWAY GROUP HOLDINGS CORPORATION, and FW OPERATING CORP. f/k/a FAIRWAY OPERATION CORPORATION<br><br>　　　　　　　　Defendants. | **REPLY AND AFFIRMATIVE DEFENSES OF PLAINTIFF LIBERTY MUTUAL INSURANCE COMPANY TO DEFENDANTS' COUNTERCLAIMS**<br><br>Case No. 07-cv-11415 (LTS) (AJP) |

Plaintiff Liberty Mutual Insurance Company ("Plaintiff" or "Liberty"), by its undersigned counsel, hereby replies to the Counterclaims (the "Counterclaims") of Defendants Fairway Group Holdings Corporation ("Fairway Group Holdings") and FW Operating Corp., formerly known as Fairway Operating Corporation ("Fairway Operating") (collectively "Defendants") as follows:

70.　Because Paragraph 70 of the Counterclaims realleges Paragraphs 1-69 of Defendants' Answer, no response is required by Liberty. To the extent a response is deemed to be required, Liberty restates the allegations set forth in its Complaint for Declaratory Judgment.

## THE PARTIES

71.　Upon information and belief, Liberty admits the allegations in Paragraph 71 of the Counterclaims.

72.　Upon information and belief, Liberty admits the allegations in Paragraph 72 of the Counterclaims.

73.　Liberty admits the allegations in Paragraph 73 of the Counterclaims.

## JURISDICTION AND VENUE

74. Liberty states that Paragraph 74 of the Counterclaims states conclusions of law to which no response is required. To the extent a response is deemed to be required, Liberty admits the remaining allegations of Paragraph 74 of the Counterclaims.

## THE INSURANCE POLICIES

75. Liberty admits that it issued Commercial General Liability policy Nos. TB1-121-089750-054, effective May 11, 2004 to May 11, 2005; TB1-121-089750-055, effective May 11, 2005 to May 11, 2006; and TB1-121-089750-056, effective May 11, 2006 to May 11, 2007 to Fairway Operating Corp., which policies speak for themselves.

76. Liberty admits that it issued Commercial General Liability policy Nos. TB1-121-093027-057, effective January 17, 2007 to May 21, 2007; and TB1-121-093027-107, effective May 21, 2007 to May 21, 2008 to Fairway Group Holdings Corp., which policies speak for themselves.

77. Liberty admits that Fairway Holding and Fairway Operating are insured under some of the policies referred to in paragraphs 75 and 76 above (the "Policies"). Liberty denies the remaining allegations of Paragraph 77 of the Counterclaims.

78. Liberty states that the allegations of Paragraph 78 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty admits that based on information and belief Defendants have paid all required premiums and that the Policies have been and remain in full force and effect but denies that Defendants have satisfied all terms and conditions of the Policies.

## THE UNDERLYING LAWSUIT

79. Liberty lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 79 of the Counterclaims. To the extent a response is deemed to be required, Liberty denies each and every allegation in Paragraph 79 of the Counterclaims.

80. Upon information and belief, Liberty admits the allegations of Paragraph 80 of the Counterclaims.

81. Liberty admits the allegations of Paragraph 81 of the Counterclaims.

82. Liberty admits the allegations of Paragraph 82 of the Counterclaims.

83. Liberty admits the allegations of Paragraph 83 of the Counterclaims.

84. Liberty states that Paragraph 84 of the Counterclaims states conclusions of law for which no response is required. To the extent a response is deemed to be required, Liberty admits that Paragraph 84 of the Counterclaims accurately quotes Paragraph 38 of the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

85. Liberty states that Paragraph 85 of the Counterclaims states conclusions of law for which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 85 of the Counterclaims, except admits that Paragraph 85 of the Counterclaims accurately quotes Paragraph 53 of the *Kaufman* Complaint, and respectfully refers the Court to the *Kaufman* Complaint for the content thereof.

86. Liberty states that the allegations of Paragraph 86 of the Counterclaims state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Liberty admits the allegations of Paragraph 86 of the Counterclaims.

87.  Liberty states that Paragraph 87 of the Counterclaims states conclusions of law for which no response is required. To the extent a response is deemed to be required, Liberty admits that Paragraph 87 of the Counterclaims accurately quotes 15 U.S.C. § 1681n and respectfully refers the Court to the relevant statute for the provisions thereof.

88.  Liberty states that Paragraph 88 of the Counterclaims states conclusions of law for which no response is required. To the extent a response is deemed to be required, Liberty admits that Paragraph 88 of the Counterclaims accurately quotes 15 U.S.C. § 1681o and respectfully refers the Court to the relevant statute for the provisions thereof.

## THE COVERAGE CONTROVERSY

89.  Liberty states that the allegations of Paragraph 89 of the Counterclaims state a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Liberty admits the allegations of Paragraph 89 of the Counterclaims.

90.  Liberty admits that it notified Fairway Group Holdings and Fairway Operating by mail on or about October 5, 2007 that it would provide Defendants with a defense in the *Kaufman* action under a reservation of rights. Liberty denies each and every remaining allegation of Paragraph 90 of the Counterclaims.

91.  Liberty admits that on or about October 31, 2007 Liberty wrote to Fairway Operating. Liberty further admits that Paragraph 91 of the Counterclaims accurately quotes the letter sent by Liberty to Fairway Operating on or about October 31, 2007. Liberty further admits that its October 31, 2007 letter contained an attachment applying litigation guidelines for defense counsel. Liberty denies each and every remaining allegation of Paragraph 91 of the Counterclaims.

92.     Liberty admits that on or about October 31, 2007 Liberty wrote to Fairway Group Holdings. Liberty further admits that Paragraph 92 of the Counterclaims accurately quotes the letter sent by Liberty to Fairway Group Holdings on or about October 31, 2007. Liberty further admits that its October 31, 2007 letter contained an attachment applying litigation guidelines for defense counsel. Liberty denies each and every remaining allegation of Paragraph 91 of the Counterclaims.

93.     Liberty lacks sufficient information or knowledge to admit or deny the allegations of Paragraph 93 of the Counterclaims. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 93 of the Counterclaims.

94.     Liberty denies each and every allegation of Paragraph 94 of the Counterclaims.

95.     Liberty admits that on or about November 7, 2007 Defendants wrote to Liberty. Liberty denies each and every remaining allegation of Paragraph 95 of the Counterclaims.

96.     Liberty admits that Paragraph 96 of the Counterclaims accurately quotes Mr. Bernard Goldman's December 10, 2007 email to Fairway. Liberty denies each and every remaining allegation of Paragraph 96 of the Counterclaims.

97.     Liberty denies each and every allegation of Paragraph 97 of the Counterclaims.

98.     Liberty states that the allegations of Paragraph 98 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 98 of the Counterclaims and respectfully refers the Court to the relevant Policies for the content thereof.

## FIRST COUNTERCLAIM

99.     Liberty repeats its responses to Paragraphs 1-98 of the Answer and Counterclaims.

100. Liberty denies each and every allegation of Paragraph 100 of the Counterclaims.

101. Liberty denies each and every allegation of Paragraph 101 of the Counterclaims.

102. Liberty denies each and every allegation of Paragraph 102 of the Counterclaims.

103. Liberty states that the allegations of Paragraph 103 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 103 of the Counterclaims.

## SECOND COUNTERCLAIM

104. Liberty repeats its responses to Paragraphs 1-103 of the Answer and Counterclaims.

105. Liberty denies each and every allegation of Paragraph 105 of the Counterclaims.

106. Liberty states that the allegations of Paragraph 106 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 106 of the Counterclaims.

## THIRD COUNTERCLAIM

107. Liberty repeats its responses to Paragraphs 1-106 of the Answer and Counterclaims.

108. Liberty denies each and every allegation of Paragraph 108 of the Counterclaims.

109. Liberty states that the allegations of Paragraph 109 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 109 of the Counterclaims.

## FOURTH COUNTERCLAIM

110. Liberty repeats its responses to Paragraphs 1-109 of the Answer and Counterclaims.

111. Liberty admits that it filed the instant action for declaratory judgment on December 19, 2007. Liberty denies each and every remaining allegation of Paragraph 111 of the Counterclaims.

112. Liberty denies each and every allegation of Paragraph 112 of the Counterclaims.

113. Liberty states that the allegations of Paragraph 113 of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is deemed to be required, Liberty denies each and every allegation of Paragraph 113 of the Counterclaims.

The remaining allegations of the Counterclaims constitute a prayer for relief to which no response is required. To the extent a response is deemed to be required, Liberty denies that Defendants are entitled to any relief whatsoever from Liberty.

To the extent that any allegations contained within the Counterclaims have not been explicitly admitted or denied in this Answer, Liberty hereby denies them and denies that Defendants are entitled to any relief whatsoever from Liberty.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred to the extent they seek insurance coverage for claims that are not within the terms and conditions of the Policies, including claims that do not constitute "personal and advertising injury" or "bodily injury" or "property damage" caused by an "occurrence"; are barred by exclusions in the Policies concerning knowledgeable and intentional conduct of Defendants; are barred under Policy Nos. TB1-121-089750-056, TB1-121-093027-057 and TB1-121-093027-107 by the exclusion for "Violation Of Statutes That

Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information"; are barred to the extent any offenses were committed outside of the policy period of the Policies; are barred to the extent the relief sought in the *Kaufman* Lawsuit, including statutory damages, punitive damages, attorneys fees and costs, are not covered under the Policies and/or are not insurable by public policy and/or do not constitute "damages" under the Policies; are barred to the extent Defendants seek indemnification for personal and advertising injury arising out of oral or written publication of material whose first publication took place before the beginning of the period or the Policies; are barred to the extent Defendants seek unreasonable and unnecessary defense costs; and are barred to the extent provisions of the Policies other than those enumerated above bar or limit coverage for the *Kaufman* lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred to the extent they seek defense costs that are unreasonable and unnecessary.

## FOURTH AFFIRMATIVE DEFENSE

The coverage provided under the Policies is subject to and limited by all their terms, conditions and exclusions. There may be other Policy conditions, terms and exclusions that operate to bar or limit coverage for some or all of the amounts for which the Defendants seek coverage of which Liberty is presently unaware. Liberty reserves its right to raise affirmatively other Policy terms, conditions and exclusions as defenses to coverage as appropriate.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims under the Massachusetts Regulation of Business Practices for Consumers Protection Act and Massachusetts Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance Act fail to state a claim upon which

relief can be granted, including without limitation that any alleged acts of omissions took place outside of Massachusetts and that private rights of action are not available under one or both of these Acts.

### SIXTH AFFIRMATIVE DEFENSE

Liberty reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

WHEREFORE, Liberty requests that the Court dismiss the Defendants' Counterclaims with prejudice, award Liberty its fees and costs, and grant Liberty such other relief as the Court deems proper.

Dated:  March 3, 2008
    New York, New York

Respectfully submitted,

_____

Michael E. Twomey (MET 7839)
Twomey, Hoppe & Gallanty, LLP
757 Third Avenue
New York, NY  10017
Phone: 212.688.0400
Fax: 212.688.1929
*Attorneys for Plaintiff*
*Liberty Mutual Insurance Company*

Of Counsel:

Laura A. Foggan
Dale E. Hausman
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7000
Fax: 202.719.709

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent via first-class mail on March ___, 2008 to the following counsel of record:

| | |
|---|---|
| Vilia B. Hayes<br>Erik Bond<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, New York 10004<br>Tel.: 212.837.6000<br>Fax: 212.299-6647<br>bond@hugheshubbard.com<br><br>*Attorneys for Defendants Fairway Group Holdings Corporation, and FW Operating Corp. f/k/a Fairway Operation Corporation* | |
| | |

_____
Michael E. Twomey