UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FAIRWAY GROUP HOLDINGS CORPORATION, and FW OPERATING CORP. f/k/a FAIRWAY OPERATING CORPORATION<br><br>　　　　　　　　　Defendants. | **PRELIMINARY PRE-TRIAL STATEMENT**<br><br>Case No. 07-cv-11415 (LTS) (AJP) |

Pursuant to the Fed. R. Civ. P. 26(f) and the Court's Initial Conference Order (filed Jan. 3, 2008) ("Order"), Plaintiff Liberty Mutual Insurance Company ("Liberty") and Defendants Fairway Group Holdings Corporation and FW Operating Corp. f/k/a Fairway Operating Corporation (collectively "Fairway") (together, Liberty and Fairway are referred to as the "Parties"), through the undersigned counsel, hereby submit this Preliminary Pre-Trial Statement.

The information required by the Order is provided below:

**A.**　**A concise statement of the nature of this action.**

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration of the parties' rights and obligations under contracts of insurance issued by Plaintiff to Defendants with regard to a lawsuit filed in the United States District Court for the Southern District of New York seeking statutory and punitive damages, and other relief, from Fairway for alleged willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §1681c(g). Liberty asserts, *inter alia*, that as a matter of law the underlying lawsuit does not

seek damages because of personal and advertising injury under the policies at issue and that coverage is barred by certain exclusions under the policies.

Fairway asserts there is coverage and the exclusions are inapplicable. Fairway asserts counterclaims for breach of contract, bad faith, attorneys' fees and statutory wrongful practices based on Liberty's failure to comply with its defense obligations and Liberty's initiation of the present action.

**B.    A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statues relied upon and relevant facts as to citizenship and jurisdictional amount.**

The Parties are in agreement that this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a). Liberty is incorporated in Massachusetts and has its principal place of business in Massachusetts. Fairway Group Holdings Corp. is incorporated in Delaware and has its principal place of business in New York. FW Operating Corporation f/k/a Fairway Operating Corporation is incorporated in New York and has its principal place of business in New York. The amount in controversy exceeds $75,000.

**C.    A concise statement of all material uncontested or admitted facts.**

On August 24, 2007, Jan Kaufman and Elliot Grubman, on behalf of themselves and all others similarly situated, filed a Class Action Complaint in the United States District Court for the Southern District of New York, captioned *Kaufman and Grubman v. Fairway Operating Corp., Fairway Central Services Corp., Fairway Group Holdings Corp., Fairway Group Central Services LLC, Fairway Uptown LLC, Fairway Broadway LLC, Fairway Red Hook LLC, Fairway Brooklyn, LLC, Fairway Group Plainview LLC, Fairway Plainview, LLC, Fairway Group Acquisition Company*, No. 07CIV7525 (BSJ) ("*Kaufman* Complaint" or "*Kaufman* Lawsuit"). The *Kaufman* Lawsuit is currently pending in this Court before Judge Jones and discovery is ongoing.

The *Kaufman* Complaint alleges violations by the Defendants of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

The *Kaufman* Complaint alleges that "the Defendants and each of them willfully violated and continue to violate FACTA's requirements by, *inter alia*, printing more than five digits of the card number or the expiration date upon receipts with persons with whom the Defendants transact business." The United States Supreme Court has held that "willfulness" in the context of FCRA includes both knowing and reckless violations of the Act. *Safeco Ins. Co. of America v. Burr*,__ U.S. __, 127 S. Ct. 2201, 2208 (2007).

Liberty issued the following insurance policies to Fairway Group Holdings Corp: (a) TB1-121-093027-057 (January 17, 2007 to January 17, 2008); and (b) TB1-121-093027-107 (May 21, 2007 to May 21, 2008). Liberty issued the following insurance policies to Fairway Operating Corp.: (a) TB1-121-089750-054 (May 11, 2004 to May 11, 2005); (b) TB1-121-089750-055 (May 11, 2005 to May 11, 2006); and (c) TB1-121-089750-056 (May 11, 2006 to May 11, 2007). The above-listed policies are collectively referred to as the "Policies."

The Policies state, in part, under Coverage B, "[w]e will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages even if the allegations of the 'suit' are groundless, false or fraudulent. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply."

The Policies define "Personal and advertising injury" to include:

b.  injury, including consequential "bodily injury", arising out of one of the following offenses:

   [....]

3

> (5) Oral or written publication of material that violates a person's right to privacy.

The Policies contain the certain exclusions under the coverage for "personal and advertising injury," including for Knowing Violation Of Rights Of Another and Intentional Injury. Policy Nos. TB1-121-089750-056, TB1-121-093027-057 and TB1-121-093027-107 contain an exclusion for Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information.

On or about August 31, 2007, Defendants forwarded a copy of the *Kaufman* Complaint to Liberty.

On October 5, 2007, Liberty sent a letter to Fairway Group Holdings advising that Liberty will provide a defense for the *Kaufman* Lawsuit under Coverage B of Policy Nos. TB1-121-093027-057 and TB1-121-093027-107, under a full reservation of rights, including without limitation the right to deny indemnification, the right to terminate the defense if no possibility of indemnification is established, and the right to recoup defense costs.

On October 5, 2007, Liberty sent a letter to Fairway Operating advising that Liberty will provide a defense for the *Kaufman* Lawsuit under Coverage B of Policy Nos. TB1-121-089750-054, TB1-121-089750-055 and TB1-121-089750-056, under a full reservation of rights, including without limitation the right to deny indemnification, the right to terminate the defense if no possibility of indemnification is established, and the right to recoup defense costs.

On October 31, 2007, Liberty sent letters to Fairway regarding the *Kaufman* Lawsuit, writing that it had "undertaken a rate analysis for the defense of the type of work, state and venue of this case and is prepared to agree to the following rate structure for defense costs in your litigation: Senior Partner $200-235; Junior Partner: $200-225; Senior Associate: $165-195;

Junior Associate: $150-175 and Paralegal: $85-105." In addition, Liberty's October 31, 2007 letter contained an e-mail attachment of The Liberty Mutual Group Guidelines for Law Firms.

**D.    A concise statement of all uncontested legal issues.**

This Court has jurisdiction over the disputed issues in this matter.

Certain legal issues under or related to the Policies may ultimately be uncontested. In light of the current status of the case, the Parties are unable to identify each and every legal issue that may be uncontested. The Parties agree that it is undisputed that Fairway timely tendered the *Kaufman* Lawsuit. The Parties agree that Fairway has the right to select defense counsel for the *Kaufman* Lawsuit, but Liberty maintains it is only required to pay the reasonable and necessary costs of defense. Liberty has also stated it is prepared to forgo a claim to recoup any defense costs that have been paid or will be paid in the future by Liberty Mutual for the *Kaufman* Lawsuit.

**E.    A concise statement of all legal issues to be decided by the Court.**

***Liberty's Statement*:**

The *Kaufman* Lawsuit seeks statutory damages and other relief based upon allegations that Fairway provided to its customers credit and debit card receipts that did not properly truncate the credit or debit card numbers and card expiration dates, in violation of FACTA. The *Kaufman Lawsuit* raises the following issues, some or all of which Liberty believes can be resolved immediately as a matter of law without further discovery:

Whether the plaintiffs in the *Kaufman* Lawsuit seek damages because of personal and advertising injury, as defined in the Policies.

Whether coverage under the Policies is barred by certain exclusions, including without limitation exclusions for Knowing Violation Of Rights Of Another, Intentional Injury, and

5

Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information.

Whether certain relief sought in the *Kaufman* Lawsuit, including without limitation statutory damages, punitive damages, any injunctive relief, attorneys fees and costs, are covered under the Policies.

Determination of reasonable and necessary attorneys fees for defense of the *Kaufman* Lawsuit.

Whether coverage is available for the *Kaufman* Lawsuit based on additional terms, exclusions, conditions and limitations of the Policies.

Liberty believes that this Court's guidance is needed to resolve threshold legal issues and that no basis exists to stay resolution of these issues pending the underlying lawsuit, as these issues can be resolved without the determination of factual disputes in the *Kaufman* Lawsuit and without any impact on the *Kaufman* Lawsuit.

***Fairway's Response*:**

Plaintiff's complaint raises two basic legal issues: (1) whether there is coverage under the Policies and whether Liberty will ultimately be obligated for any indemnity payments made for settlement or judgment in the *Kaufman* Lawsuit; and (2) whether Liberty can limit its duty to defend to reimburse defense costs at a maximum rate of $200 to $235 per hour for a senior partner.

Fairway's position is that any determination regarding the duty to indemnify would be premature. The *Kaufman* Lawsuit is still pending in the early stages of discovery and has not been tried or settled. Fairway contends that the issues in the *Kaufman* Lawsuit have not been established, and determination of plaintiff's claims of no coverage under the Policies or

6

exclusions cannot be made prior to resolution of the underlying case. Doing so now would be a waste of judicial resources in rendering an advisory opinion. Furthermore, Fairway contends that litigating this coverage case risks subjecting the insured to greater attorneys' fees than the underlying case and jeopardizing its defense of the *Kaufman* Lawsuit. Fairway contends that the institution of this declaratory judgment action at this time appears to be an attempt to cut off Liberty's duty to defend, which raises the issue of whether Liberty may be required to pay Fairway's attorneys' fees in this action. Fairway's position is that the second issue of the reasonableness of attorneys' fees should be resolved by settlement or mediation.

Issues for resolution include:

Whether determination of Liberty's claims for declaratory judgment on the duty to indemnify are premature and should be stayed pending resolution of the *Kaufman* Lawsuit. The ultimate issue is whether there is coverage for the claims asserted in the *Kaufman* Lawsuit if those claims are ultimately established.

What rates Liberty is obligated to pay for counsel to defend Fairway in the *Kaufman* Lawsuit.

Whether Liberty's position on rates for underlying defense counsel and imposition of litigation management guidelines amounted to breach of its duty to defend, bad faith, and/or statutory wrongful insurance practices.

Whether Fairway is entitled to recover its attorneys' fees and costs incurred in the present action.

**F.    Each party's concise statement of material disputed facts.**

*Liberty's Position*:

Liberty contends that the material facts for the determination of the coverage issues identified above in Item E, including whether the *Kaufman* Lawsuit involves personal and

7

advertising injury and whether the relief sought is barred by policy exclusion, is based upon the terms of the Policies and the allegations of the *Kaufman* Complaint and are not in dispute.

The Parties believe factual issues concerning reasonable and necessary attorneys fees are in dispute.

***Fairway's Position*:**

Fairway contends that there are multiple issues of material disputed fact. Some of the facts in dispute which Fairway can presently identify include, *inter alia*:

Facts relevant to making a determination regarding choice of law.

All of the undecided issues of material disputed fact at issue between Fairway and the underlying plaintiffs in the pending *Kaufman* Lawsuit.

Liberty's interpretation of policies similar to the Policies in connection with determinations of coverage for lawsuits similar to the *Kaufman* Lawsuit.

Liberty's conduct relating to selection and compensation of defense counsel in similar cases situated in similar venues.

Whether Liberty obtained appropriate regulatory approval regarding the terms, conditions, and exclusions of the Policies.

Whether Fairway printed receipts containing secret or sensitive credit card data, whether Fairway distributed those receipts to customers or third parties, and the scope of any such distribution.

Whether Fairway knowingly or intentionally violated the applicable statute.

Whether Liberty has failed to properly or adequately defend Fairway in the *Kaufman* Action and has done so in bad faith and/or in violation of statue.

G. **A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of**

**Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

Liberty states that the legal bases of its causes of action are as follows[1]:

First Cause of Action

Liberty has no duty to indemnify Fairway under the Policies' "personal and advertising injury" coverage for Fairway's alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c. *See, e.g., Bonded Concrete, Inc. v. Trancon. Ins. Co.*, 784 N.Y.S.2d 212, 214 (N.Y. App. Div. 2004); *ACS Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 53 Cal. Rptr. 3d 786, 794 (Cal. Ct. App. 2007); *Albany Med. Ctr. v. Preferred Life Ins. Co. of NY*, 851 N.Y.S.2d 843, 2008 N.Y. Slip Op. 28035 (N.Y. 2008); *Rizzo v. Zucker*, 182 N.Y.S.2d 246, 249 (N.Y. Sup. Ct. 1958); *see also Messenger v. Gruner & Jahr Printing & Publ'g*, 727 N.E.2d 549 (N.Y. 2000).

Second Cause of Action

Liberty also has no duty to indemnify Fairway under the "bodily injury" or "property damage" coverage. *See, e.g., Nasko v. BET-TER Auto Parts Co.*, 677 N.Y.S.2d 597, 598 (N.Y. App. Div. 1998); *see also Shared-Interest Mgmt., Inc. v. Travelers Prop. Cas. Corp.*, 695 N.Y.S.2d 632, 633 (N.Y. App. Div. 1999). Fairway does not appear to contest this position.

Third Cause of Action

Liberty has no duty to indemnify Fairway under exclusions for "Knowing Violation of Rights of Another" and "Intentional Injury" under the Policies. The relief sought under FACTA

---

[1] Liberty has provided illustrative authorities in support of its positions. Liberty reserves the right to rely on additional authority beyond that cited here.

9

is based upon willful violation of the statute. To the extent that the conduct alleged falls within the terms of these exclusions, coverage is barred.

### Fourth Cause of Action

Liberty has no duty to indemnify Fairway under policies containing an "Exclusion For Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information." *See, e.g., Denihan Ownership Co. v. Commerce & Indus. Ins. Co.*, 830 N.Y.S.2d 128, 129-30 (N.Y. App. Div. 2007) (assuming a broad and comprehensive interpretation of "arising from" in insurance policy exclusion).

### Fifth Cause of Action

The underlying complaint seeks statutory damages, punitive damages, attorneys' fees and costs, and may seek injunctive relief. Punitive damages are noninsurable as a matter of public policy under New York law. *See, e.g., Pub. Servo Mut. Ins. Co. v. Goldfarb*, 425 N.E.2d 810 (N.Y. 1981); *Hartford Accident & Indem. Co. v. Village of Hempstead*, 397 N.E.2d 737 (N.Y. 1979); *Soto v. State Farm Ins. Co.*, 600 N.Y.S.2d 407 (N.Y. App. Div. 1993), aff'd 635 N.E.2d 1222 (N.Y. 1994). The additional relief sought, such an injunctive relief, may not constitute "damages" under the policies. *See, e.g., Gulf & W Indus., Inc. v. Seaboard Sur. Co.*, 474 N.Y.S.2d 754, 755 (N.Y. App. Div. 1984).

### Sixth Cause of Action

The policies limit coverage to offenses committed during the policy periods. To the extent relief in the underlying suit is based on offenses outside the policy periods, no coverage is available.

### Seventh Cause of Action

The policies exclude coverage for personal and advertising injury arising from publication of material first published before the policy periods. To the extent relief in the underlying suit is based on first publication of material before the policy periods, no coverage is available.

Eighth Cause of Action

Any defense obligation under the policies is limited to reasonable and necessary defense costs. *See, e.g., Curtis v. Nutmeg Ins. Co.*, 681 N.Y.S.2d 620 (N.Y. App. Div. 1998). The parties are in disagreement on the appropriate rate for defense counsel.

Ninth Cause of Action Liberty reserves the right to raise additional issues on the scope of coverage.

**Fairway's Counterclaims:**

Fairway states that the legal bases of its causes of action are as follows[2]:

First Counterclaim

It is hornbook law that an insurer under a duty to defend must pay reasonable fees in connection with a policyholder's defense of a claim. *See, e.g., First Jeffersonian Assocs. v. Insurance Co. of N. Am.*, 262 A.D.2d 133, 134, 691 N.Y.S.2d 506, 506 (1st Dep't 1999). Here, Liberty, under reservation of rights, has acknowledged its duty to defend Fairway in the *Kaufman* Lawsuit, but has breached that duty by stating it would not pay the costs to retain an appropriate New York City law firm experienced in class action defense.

Second and Third Counterclaims

---

[2] Fairway has provided illustrative authorities in support of its positions. Fairway reserves the right to rely on additional authority beyond that cited here.

11

By agreeing to defend Fairway, and then offering to pay rates insufficient for Fairway to retain experienced, sophisticated counsel, Liberty has acted in bad faith and in violation of the Regulation of Business Practices for Consumers Protection Act, Massachusetts General Laws 93A *et seq.*, and/or the Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance Act, Massachusetts General Laws 176D *et seq. See, e.g., Continental Ins. Co. v. Bahnan*, 216 F.3d. 150, 156 (1st Cir. 2000); *Morrison v. Toys R Us*, 441 Mass. 451, 457 (S. Ct. Mass. 2004); *Hanover Ins. Co. v. Golden*, 436 Mass. 584, 588 (S. Ct. Mass. 2002).

Fourth Counterclaim

Finally, Liberty's initiation of the present declaratory judgment action has forced Fairway into a defensive posture on coverage issues, entitling Fairway to attorneys' fees incurred in this action. *U.S. Underwriters Ins. Co. v. City Club Hotel*, 3 N.Y.3d 592, 597, 822 N.E.2d 777, 780 (2004); *Great Northern Ins. Co. v. Paino Associates*, 457 F. Supp. 2d 104 (D. Mass. 2006); *Rli Ins. Co. v. Wood Recycling, Inc.*, 2006 U.S. Dist. LEXIS 70926 (D. Mass. 2006); *Hanover Ins. Co. v. Golden*, 436 Mass. 584 (S. Ct. Mass. 2002).

H.  **Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.**

*Liberty's Defenses:*[3]

First Counterclaim

Liberty contends that fees sought by Fairway for the defense of the *Kaufman* Lawsuit, of up to $680 per hour, are beyond any range of reasonableness.

---

[3] The foregoing defenses are illustrative. Liberty reserves the right to assert additional defenses.

Second and Third Counterclaim

Liberty contends that its actions do not constitute bad faith toward Fairway. Fairway cannot present evidence that Liberty has grossly disregarded Fairway's interest as required to establish a prima facie case for bad faith under New York law. *See, e.g., Pavia v. State Farm Mut. Auto. Ins. Co.*, 626 N.E.2d 24, 27 (N.Y. 1993); *Bennion v. Allstate Ins. Co.*, 727 N.Y.S.2d 222, 225 (N.Y. App. Div. 2001); *Jonas v. N.Y. Cent. Mut. Fire Ins. Co.*, 665 N.Y.S.2d 189, 190 (N.Y. App. Div. 1997). To the contrary, Liberty has agreed to defend Fairway under a reservation of rights and brought this declaratory judgment action to determine its duty to indemnify under the Policies. Liberty's actions do not establish a "pattern of behavior evincing a conscious or knowing indifference to the interests of the insured," as Fairway is required to show under New York law to establish bad faith. *See Pavia*, 626 N.E.2d at 27-28; *Bennion*, 727 N.Y.S.2d at 225.

Liberty also contends that Fairway fails to state a claim upon which relief can be granted under the Massachusetts Regulation of Business Practices for Consumers Protection Act and the Massachusetts Unfair Methods of Competition and Unfair and Deceptive Acts and Practices in the Business of Insurance. For example and without limitation, any alleged acts or omissions took place outside of Massachusetts, and therefore Fairway cannot bring an action under the Massachusetts Regulation of Business Practices for Consumers Protection Act. *See* Mass. Gen. Laws ch. 93A, § 11 (2008). Moreover, Fairway has no private right of action under one or both of these acts. *See RLI Ins. Co. v. Gen. Star Indem. Co.*, 997 F. Supp. 140, 150-51 (D. Mass. 1998); *see also* Mass. Gen. Laws ch. 93A, §§ 9, 11 (2009); Mass. Gen. Laws ch. 176D (2008). Furthermore, Liberty's agreement to defend Fairway under a reservation of rights and filing of this declaratory judgment action are based on plausible interpretations of the insurance Policies

and were issued and filed in good faith; therefore, Liberty has not violated Massachusetts General Law ch. 93A or ch. 176D. *See Spurlin v. Merchants Ins. Co. of N.H.*, 866 F. Supp. 57, 62 (D. Mass. 1994).

### Fourth Counterclaim

Liberty has initiated this declaratory judgment action to seek resolution of novel and disputed coverage issues concerning indemnification for the *Kaufman* Lawsuit. Accordingly, Liberty contends that Fairway is not entitled to recovery of attorney fees.

*Fairway's Defenses*[4]:

The Policies obligate Liberty to provide coverage for the *Kaufman* Lawsuit under the "personal and advertising injury" coverage part, which includes coverage for injury "arising out of . . . oral or written publication, in any manner, of material that violates a person's right of privacy." *Zurich American Ins. Co. v. Fieldstone Mortgage Co.*, 2007 WL 3268460, *5 (Oct. 26, 2007 D. Md.); *Pietras v. Sentry Ins. Co.*, 2007 WL 715759, *3-4 (Mar. 6, 2007 N.D. Ill.); *see also Park University Enterprises, Inc. v. American Casualty Co. of Reading, Pa.*, 442 F.3d 1239, 1249-50 (10th Cir. 2006).

All of Liberty's claims for declaratory judgment on the duty to indemnify are premature, given that the *Kaufman* Lawsuit remains pending. Since resolution of the second issue upon which plaintiff seeks declaratory relief, *i.e.*, whether it is required to indemnify defendant, depends upon resolution of the underlying action, that portion of the complaint which seeks such relief must be dismissed or stayed as premature. *See Prashker v. United States Guarantee Co.*, 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956); *North River Ins. Co. v. ECA Warehouse*

---

[4]   The foregoing defenses are illustrative. Fairway reserves the right to assert additional defenses.

*Corp.*, 172 A.D.2d 225, 226, 568 N.Y.S.2d 71, 72 (1st Dep't 1991). This Court should not entertain Liberty's claims for declaratory judgment because those claims fail to serve a "useful purpose." 28 USC §§ 2201 and 2202.

Liberty's claims are barred by the doctrines of waiver and/or estoppel.

And as to the reasonableness of underlying defense costs, given Liberty has agreed to defend under reservation of rights, the conflict of interest inherent in that approach bars Liberty from controlling Fairway's defense or mandating standard rates or guidelines. *See First Jeffersonian Assocs. v. Insurance Co. of N. Am.*, 262 A.D.2d 133, 134, 691 N.Y.S.2d 506, 506 (1st Dep't 1999).

**I.   A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.**

The insured must establish coverage under the relevant insurance policy. *See, e.g., Cansol. Edison Co. of N.Y, Inc. v. Allstate Ins. Co.*, 774 N.E.2d 687, 690 (N.Y. 2002); *Metro. Heat & Power Co. v. AIG Claims Serv., Inc.*, 850 N.Y.S.2d 142, 144 (N.Y. App. Div. 2008). When an insurer relies on an exclusion to deny coverage, the burden then rests with the insurer to prove that the exclusion in the policy applies to defeat coverage. *See, e.g., Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.E.2d 167, 170 (N.Y. 2002); *Cansol. Edison*, 774 N.E.2d at 690; *Metro. Heat & Power*, 850 N.Y.S.2d at 144.

**J.   Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.**

The Parties do not currently anticipate any amendments to pleadings and/or addition or substitution of parties.

**K.   A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not consented).**

The Parties do not consent to transfer of the case to a Magistrate Judge.

L. **What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The Parties anticipate that disclosures under Fed. R. Civ. P. 26(a)(I) will be made within thirty days of the Preliminary Pretrial Conference. The Parties do not otherwise anticipate any changes in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a).

M. **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

*Liberty's Statement:*

Liberty's initial disclosure will consist of documents concerning the claim at issue and documents related to the underwriting of the Policies. Liberty anticipates filing a summary judgment motion on certain threshold coverage issues, which may resolve all disputed issues in this case. Liberty believes that these issues can be resolved based upon the Kaufman Complaint and the Policies, without any additional discovery. To the extent issues remain after rulings on this motion, additional discovery may be needed, including, discovery related to reasonable and necessary attorneys fees. Liberty disagrees with Fairway's position with regard to certain aspects of discovery, including without limitation discovery concerning other claims and other policyholders. Liberty suggests a discovery period of one year from the date of the Court's ruling on summary judgment.

*Fairway's Statement*:

Fairway believes Liberty's indemnity claims are premature given the *Kaufman* Lawsuit remains pending, and that discovery on indemnity issues should be deferred. If, however, Liberty's indemnity claims go forward (which they should not), Fairway would need discovery prior to summary judgment briefing on many issues, including:

- choice of law;

- underwriting of the Policies
- claim file
- Liberty's coverage positions regarding claims similar to the *Kaufman* Lawsuit;
- Material disputed facts in the *Kaufman* lawsuit;
- Liberty's interpretations in similar circumstances of the policy provisions and exclusions it relies upon in this action;
- Facts relevant to provisions and exclusions of the Policies that Liberty relies upon; and,
- All other material disputed facts.

With respect to Liberty's duty to defend and Fairway's counterclaims, relevant discovery will include discovery regarding: Liberty's claim handling in the *Kaufman* Lawsuit and in similar actions; rates paid by Liberty for class counsel in S.D.N.Y. lawsuits; background, experience, and rates paid for counsel retained by Liberty in cases similar to *Kaufman* Lawsuit and the results achieved; and rates paid to Liberty's counsel in this case. These are a sampling of issues which will merit discovery, and are those that Fairway has identified to date.

**N.     Whether and to what extent expert evidence will be required, and proposed deadlines for discovery.**

The Parties currently anticipate that expert evidence may be required concerning, *inter alia*, coverage, the reasonableness of necessity of defense costs and Fairway's claims of bad faith and violation of statutes. Additional expert evidence may be required, depending upon rulings of the Court and facts developed in discovery. The Parties suggest a four-month period of expert discovery after the conclusion of fact discovery.

**O.     What, if any, changes should be made in the limitations of discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

The Parties do not currently seek any changes to the limitations of discovery under the Federal Rules of Civil Procedure or the Local Rules of court. The Parties reserve the right to seek appropriate limitations, including protective orders, in response to formal discovery.

P. **The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.**

Liberty believes that settlement concerning the threshold coverage issues is unlikely, and it will seek rulings of the Court on these issues.

Fairway has requested that the issue of reasonableness of defense costs be submitted to mediation and that determination of indemnity be stayed or defereed until the *Kaufman* Lawsuit is resolved. Liberty is considering the request for mediation and disagrees that the indemnity issues should be stayed or deferred.

Q. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

Liberty anticipates that all or some of the issues may be resolved by summary judgment. To the extent that any issues remain for trial, Liberty does not seek a trial by jury.

Fairway has demanded a jury trial.

Based upon the current posture of the case, the Parties anticipate a trial duration of two to three weeks. This duration may change based upon rulings of the Court and discovery.

R. **Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The Parties will submit an Agreed Protective Order to the Court for entry.

Fairway will seek a stay of coverage decisions regarding Liberty's duty to indemnify, which Liberty will oppose., Fairway requests a referral to mediation for the dispute regarding reasonableness of defense costs.

Respectfully submitted,

_____
Michael E. Twomey (MET-7839)
Twomey, Hoppe & Gallanty, LLP
757 Third Avenue
New York, NY 10017
Phone: 212.688.0400
Fax: 212.688.1929

Of Counsel:

Laura A. Foggan (LAF-1443)
Dale E. Hausman (DEH-1773)
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7005
Fax: 202.719.7049

*Attorneys for Plaintiffs Liberty Mutual Insurance Company*

_____
Vilia B. Hayes
Erik B. Bond
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Tel.: 212.837.6000
Fax: 212.299-6647
hayes@hugheshubbard.com
bond@hugheshubbard.com

*Attorneys for Defendants Fairway Group Holdings Corporation, and FW Operating Corp. f/k/a Fairway Operation Corporation*

Dated: March 31, 2008