IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

LIBERTY MUTUAL INSURANCE COMPANY

          Plaintiff,

vs.

FAIRWAY GROUP HOLDINGS CORPORATION,
and FW OPERATING CORP. f/k/a
FAIRWAY OPERATING CORPORATION

          Defendants.

------------------------------------x

Case No.: 07 CV 11415 (LTS)

**STIPULATED CONFIDENTIALTY ORDER**

    Plaintiff Liberty Mutual Insurance Company ("Liberty") and Defendants Fairway Operating Group Holdings Corporation and FW Operating Corporation f/k/a Fairway Operating Corporation ("Fairway") (collectively, the "Parties"), through their respective counsel, respectfully request the entry of this Stipulated Confidentiality Order ("Order") to govern the treatment of proprietary and sensitive information produced by the Parties in this action. The Parties request entry of this Order to allow for the disclosure of such information, including the production of documents containing such information, while maintaining the confidentiality of such documents and information.

    IT APPEARING TO THE COURT that the entry of this Order is consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court; that all Parties currently appearing in the case have consented to the entry of this Order; and that "good cause" has been shown;

    NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>Definition.</u> "Confidential Information" or "Confidential" as used herein means non-public information entitled to confidential treatment pursuant to Federal Rule of Civil Procedure 26(c) or disclosure of which would be prejudicial to the insureds in the underlying matter, including but not limited to trade secrets or other confidential research, development or commercial information, confidential business or personal financial information, or other information covered by a legitimate privacy right or interest. Use of Confidential Information obtained during this action (the "Litigation") shall be governed by this Order. Copies or excerpts of information contained in any documents or things designated as "Confidential" shall also be treated as "Confidential."

2. <u>Designation of Discovery Material; Inadvertent Disclosure.</u>

(a) All information produced, given or otherwise disclosed by any Party (the "Producing Party"), including, but not limited to, documents, responses to document requests, responses to interrogatories, responses to requests for admission, responses to subpoenas, and any other information produced pursuant to the Federal Rules of Civil Procedure or the Local Rules of this Court (collectively, "Discovery Materials"), which a Producing Party in good faith believes contains Confidential Information, shall be designated as such by the Producing Party at the time of production by means of a "CONFIDENTIAL" stamp or legend placed on each page containing such information, except as otherwise provided below.

(b) Any Discovery Material that is produced by a Producing Party, even though not so designated by the Producing Party, may be designated by any other Party (the "Designating Party") as Confidential Information under this Order to the extent it qualifies as Confidential Information of the Designating Party, by notifying counsel for the other Parties within twenty (20) business days after production of the information or material involved that

such information or material is Confidential and subject to the terms and conditions of this Order. All information and materials produced by a Producing Party shall be treated as Confidential and subject to this Order until the expiration of such twenty (20) day period.

        (c)    If a Producing Party inadvertently produces Discovery Material containing Confidential Information without designating the Discovery Material as such under paragraph 2(a), or if a Designating Party inadvertently fails within 20 days to designate such materials as containing Confidential Information, such Party shall not be deemed to have waived its right to do so. The Party shall inform all other Parties of the inadvertent failure to designate Discovery Material as Confidential, and the Parties shall cooperate in designating the Discovery Material, and all copies thereof, as Confidential and treating the Discovery Material as Confidential to the extent reasonable and feasible.

        (d)    The inadvertent production of documents subject to the attorney-client privilege, the work product doctrine or any other privilege or protection from disclosure shall not constitute a waiver of such protection. In the event of the inadvertent production of such documents, the Producing Party shall promptly inform all Parties of such inadvertent production, and the receiving Parties shall return all copies of such documents to the Producing Party and no waiver of any privilege or protection shall be deemed to have occurred as a result of the inadvertent disclosure. Nothing in this paragraph shall prejudice the right of any Party to challenge any claim of privilege made by another Party on any other basis.

    3.    <u>Depositions; Designation of Testimony as Confidential.</u>

        (a)    Deposition testimony that counsel for a Party (the "Producing Party") or witness in good faith believes contains Confidential Information shall be designated Confidential Information either: (i) by counsel making a statement for inclusion in the deposition transcript; or

(ii) within twenty (20) business days after receipt of the transcript, by counsel designating, in writing, either the transcript in its entirety or particular passages of the transcript (by page and line) as containing Confidential Information. When Confidential Information is designated in a deposition transcript, the Producing Party making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and, unless the transcript in its entirety is designated Confidential, to include a page identifying all pages and lines designated Confidential in the transcript. Prior to the expiration of such twenty (20) day period, counsel for all Parties shall retain and treat the entire transcript (and any magnetic media thereof) as Confidential Information and shall not transmit any copy thereof to any person, except in accordance with the terms of this Order.

(b) Any magnetic or electronic media containing portions of a deposition transcript which have been designated Confidential shall be labeled "CONTAINS CONFIDENTIAL INFORMATION."

(c) At the request of counsel for any Party or testifying Non-Party, all persons other than those to whom disclosure of Confidential Information is permitted under the terms of this Order shall be excluded from a deposition whenever Confidential Information is to be disclosed or discussed.

(d) Any Party may designate any testimony of a Non-Party deponent as Confidential Information, even though not so designated by the deponent himself or herself, in accordance with the provisions of this paragraph to the extent it qualifies as Confidential Information of that designating Party (the "Designating Party").

4. <u>Use Generally.</u> All Confidential Information shall be used solely for purposes of

this Litigation, unless otherwise agreed to in advance by and among all of the Parties, in writing, or by and among all of the Parties or ordered by the Court.

5.  <u>Submissions to Court; Filings.</u> If counsel for any Party files in or submits to this Court in any written format Confidential Information or information derived from such Confidential Information, filing counsel shall file such information under seal pursuant to any procedures set forth by the Court.

6.  <u>Use at Hearings or Trial.</u> The use of material designated as Confidential at any trial or hearing in this Litigation shall be subject to the protection, if any, as the Court shall determine at the hearing, pretrial or at any other time.

7.  <u>Disclosure.</u>

(a)  Except as provided in this Order, Confidential Information (including copies, summaries, abstracts and indices thereof) shall be maintained in the strictest confidence and shall not be disclosed to any persons or entities except upon the express consent of the Producing Party or Designating Party or upon further order by the Court after proper notice of hearing.

(b)  Confidential Information may be disclosed to or made available by a Party or counsel of record for a Party only to the following "Qualified Persons" as defined herein or to such other persons as all of the Parties may agree upon in writing. For purposes of this Order, "Qualified Persons" means:

(i)   The Court (and any appellate court), including Court personnel;

(ii)  Parties to the Litigation, and their directors, officers and employees;

(iii) Outside counsel to the Parties, in-house counsel to the Parties, and the paralegal, clerical, secretarial, and other persons employed by any such counsel;

5

(iv) Parties' auditors and accountants, but only to the extent that any such persons have a legitimate need for access to such documents or information; *provided*, that before disclosure of such materials to such persons, the disclosing party shall provide the person to whom such documents or information is being disclosed a copy of this Order and shall advise that person that that such documents or information may not be disclosed to any other person or entity;

(v) Outside photocopying services and other litigation support vendors engaged to render services in this Litigation, to the extent reasonably necessary to facilitate those services;

(vi) Court reporters engaged to render reporting services in this Litigation to the extent reasonably necessary to facilitate those services;

(vii) Subject to paragraph 7(c) below, experts, advisors and consultants (including their employees and support staff) retained by counsel of record in this Litigation for the purpose of assisting with the prosecution or defense of this Litigation;

(viii) Subject to paragraph 7(c) below, trial or deposition witnesses, and/or a witness that counsel reasonably believes may be a trial or deposition witness, in consultation with and in preparation for and during testimony;

(ix) Subject to paragraph 7(c) below, any person identified in a document marked Confidential as an author or addressee of such document, but disclosure is authorized only with respect to that particular document; and

(x) Subject to paragraph 7(c) below, any other person only upon order of the Court or upon stipulation of the Party that produced the Confidential Discovery Material.

(c) Prior to the disclosure of Confidential Information to any Qualified Person defined in paragraphs 7(b)(vii), (viii), (ix), or (x), the Party or counsel of record for the Party proposing to make such disclosure shall ensure that a copy of this Order has been delivered to such person, that its terms have been explained to such person, and that such person agrees to be bound, in writing, by its terms by executing an Undertaking in the form attached hereto as Exhibit A. If such a person or entity refuses to agree to be bound by this Order, no Confidential Information may be disclosed to that person or entity without the consent of the designating

Party and all other Parties or by order of the Court. If a deponent refuses to sign the Undertaking, the Parties shall secure from the Court such orders and directions as are consistent with this Order before disclosing Confidential Information to the deponent. Undertakings shall be retained by counsel making the disclosure and produced upon request if the person or entity is noticed for deposition or designated as a trial witness, or if ordered by the Court.

(d) Nothing herein shall prevent any Party who has received Confidential Information pursuant to this Order from producing such information in response to a lawful subpoena or other compulsory process; *provided*, that any Party receiving such subpoena or process (i) shall, as soon as reasonably practical, and in any event prior to responding to the subpoena, give notice thereof to the Producing Party or Designating Party by e-mail or facsimile and shall furnish such Party with a copy of the subpoena or other compulsory process, so as to afford such Party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made by such Party before the return date, shall not produce such information prior to receiving a Court order or the written consent of such Party.

(e) Nothing contained herein shall operate to prevent any Party from disclosing or using Confidential Information produced by it. To the extent Confidential Information is publicly disclosed by the Producing Party or Designating Party, it shall no longer be treated as Confidential under this Order.

(f) Nothing contained herein shall impose any restrictions on the use or disclosure by a Party or witness in this Litigation of documents or information lawfully obtained independently of the discovery proceedings in this Litigation.

8. <u>Unauthorized Disclosure.</u> In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him under the provisions of this

Order, the Party responsible for having made or allowed such disclosure shall immediately inform counsel for the Producing Party or Designating Party of all relevant information concerning the nature and circumstances of such disclosure. The Party responsible for the disclosure shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information is made by anyone.

9.  Objection to Designation.

    (a) Any Party to the Litigation to whom Confidential Information is produced may object at any time to the Confidential designation. The objection shall be made in writing to counsel for the Producing Party or Designating Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of receipt of the written objection, any Party may move the Court for an order to determine whether the Discovery Material at issue is Confidential Information within the meaning of this Order. The Producing Party or Designating Party shall bear the burden of showing why such information is entitled to confidential treatment.

    (b) In the event of such timely motion, the documents or information whose designation is objected to shall continue to be treated as Confidential until the motion is decided.

10. Reservations; Non-waiver.

    (a) Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

    (i)  Operate as an admission by any Party that any particular Discovery Material contains or reflects any Confidential matter; or

    (ii) Prejudice in any way the rights of any Party to object to the disclosure of Discovery Materials it considers to be beyond the

      scope of permissible discovery; or

   (iii) Prejudice in any way the rights of a Party to seek a Court determination whether particular Discovery Materials should be produced; or

   (iv) Otherwise prejudice the right of any Party to apply to the Court for enforcement, modification, or relief from any or all of the provisions of this Order, or such further protective order(s) as justice may require.

 (b) Disclosure of any Confidential Information by any person or in any manner not permitted by this Order shall not result in a waiver of or otherwise limit the right of the parties to enforce the provisions of this Order.

11. <u>Termination of Litigation.</u>

 (a) After the conclusion of this Litigation, any Party's counsel and all other persons to whom Confidential Information was disclosed shall not disclose or communicate to or with any other person any portion of such Confidential Information.

 (b) Within 60 days after receiving notice of the entry of an order, judgment or decree or full execution of an agreement finally disposing of the Litigation, and upon the written request of the Producing Party or Designating Party, all persons having received Discovery Materials designated Confidential shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or Designating Party or, at the option of the Producing Party or Designating Party, destroy all such Discovery Materials and certify that fact. However, the Parties and counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product containing Confidential Information, *provided* that such parties, counsel, and employees of such counsel, shall not disclose the court papers, transcripts or attorney work product to any person, except pursuant to court order or agreement with the Producing Party or Designating Party that produced the Confidential Information.

9

(c)     Insofar as the provisions of this Order restrict the disclosure and use of any Discovery Materials produced, the Stipulation shall continue to be binding after the conclusion of this Litigation, and disclosure of Confidential Information can be made only with the written permission of the Producing Party or Designating Party, or as otherwise determined by the Court.

12.    Joinder of Parties.    If additional persons become parties to this Litigation, they shall not have access to Confidential Information produced by or obtained from any other Party to this action until they have been made subject to this Order.

13.    Counterparts.    This Order may be signed by counsel for the Parties in counterparts.

Dated: May 16, 2008

Respectfully submitted,

_____
Michael E. Twomey (MET-7839)
Twomey, Hoppe & Gallanty, LLP
757 Third Avenue
New York, NY 10017
Phone: 212.688.0400
Fax: 212.688.1929

_____
Laura A. Foggan (LAF-1443)
Dale E. Hausman (DEH-1773)
Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202.719.7005
Fax: 202.719.7049

*Attorneys for Plaintiffs Liberty Mutual Insurance Company*

/s/ _____
Vilia B. Hayes
Erik B. Bond
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Tel.: 212.837.6000
Fax: 212.299-6647
hayes@hugheshubbard.com
bond@hugheshubbard.com

*Attorneys for Defendants Fairway Group Holdings Corporation, and FW Operating Corp. f/k/a Fairway Operation Corporation*

**SO ORDERED** this ___19th___ day of ___May___, 2008.

_____
United States District Court Judge

11

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
LIBERTY MUTUAL INSURANCE COMPANY    :
: Case No.: 07 CV 11415 (LTS)
Plaintiff,    :
:
vs.    : UNDERTAKING RELATED
: TO STIPULATED
: CONFIDENTIALITY ORDER
FAIRWAY GROUP HOLDINGS CORPORATION, :
and FW OPERATING CORP. f/k/a    :
FAIRWAY OPERATING CORPORATION    :
:
Defendants.    :
------------------------------------x

I, [TYPE NAME IN], hereby declare, under the penalties of perjury, that:

1. My present address is _____.

2. My present employer is _____ and the address of my present employer is _____.

3. I have received a copy of the Stipulated Confidentiality Order ("Order") in the above-captioned action, and I have carefully read and understand the terms thereof. I understand that I am bound by the terms of the order and, if I violate the terms thereof, I may be subject to sanctions or other punishment by the Court. I understand that my execution of this Undertaking is a prerequisite to my receipt of any documents or information designated as "Confidential" under the Order.

4. Except as permitted by the Order, I will hold in the strictest confidence and will

12

not disclose to anyone any "Confidential" documents or information, or any copies, excerpts, summaries, abstracts or indices thereof, and will use such documents and information only for purposes of assisting in, preparing for testimony or formulating opinions in this case and for no other purpose.

5. I will maintain all "Confidential" documents or information which I may receive, as well as any copies, excerpts, summaries, abstracts or indices thereof, in a secure and safe area and will exercise at least the same standard of due and proper care with respect to the storage, custody, use and dissemination of such information as I exercise with respect to my own confidential information. Within 30 business days after I am notified that this action has been finally terminated, I will return all such documents or information to the attorney from whom I received such documents or information.

6. I hereby submit to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the order.

Signed under the penalties of perjury.

Date:_____          _____
                                      [TYPE NAME IN]